# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2018

Lyle W. Cayce
Clerk

No. 17-40560
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE PALACIOS, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-994-15

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Palacios, Jr. appeals the sentence imposed at resentencing on remand for his conviction for possession with intent to distribute 100 kilograms or more of marijuana. In his first appeal, this court held that the district court plainly erred by denying Palacios the right to allocution before pronouncing his sentence; the court vacated his sentence and remanded the case for resentencing. On remand, Palacios argued that (1) his base offense level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40560

should be reduced by two levels to 32 under the retroactive Amendment 782 to the Sentencing Guidelines; (2) he should not receive a two-level enhancement under U.S.S.G. § 2D1.1 for possession of a firearm; and (3) he should receive a safety valve reduction under 18 U.S.C. § 3553(f).  The district court reduced his offense level to 32 under Amendment 782, but ruled that he could not raise his other arguments challenging his sentence.

On appeal, Palacios has filed an unopposed motion for summary disposition of his appeal, conceding that his arguments challenging his sentence on remand were foreclosed by the mandate rule.  *See United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008); *United States v. Lee*, 358 F.3d 315, 323 (5th Cir. 2004).  Accordingly, because summary disposition is appropriate, Palacios's unopposed motion for summary disposition is GRANTED, and the district court's judgment is AFFIRMED.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).